FILED
2017 Nov-02  AM 09:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| DENNIS WILLIAMS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | |
| GEICO CASUALTY COMPANY, a ) | |
| Foreign Insurance Corporation, ) | |
| ) | ***Jury Demand*** |
| Defendant. ) | |

## NOTICE OF REMOVAL

COMES NOW the Defendant, GEICO Casualty Company ("GEICO"), and hereby gives notice of the removal of the above-captioned action filed in the Circuit Court of Jefferson County, Alabama – Bessemer Division as Civil Action No. CV 2017-900786, to this Court pursuant to 28 U.S.C. §§ 1332 and 1441. In support of this removal, which is based upon this Court's diversity jurisdiction, GEICO states as follows:

1.     This action was commenced by Plaintiff with the filing of his Complaint in the Circuit Court of Jefferson County, Alabama - Alabama, in which he alleges he was injured in an automobile accident caused by Daniel Henderson who is not a party to this litigation. A copy of the Plaintiff's Complaint is attached hereto as "Exhibit 1."

2.      GEICO was served with the Plaintiff's Complaint on October 18, 2017

via its registered agent for service of process.  A copy of the Notice of Service is

attached hereto as "Exhibit 2."

3.      As alleged in the Complaint, the Plaintiff is a resident of Jefferson

County, Alabama.  (Exhibit 1, ¶¶ 1).

4.      At the time the Plaintiff commenced this action, and at all times since,

GEICO Casualty Company was and is a foreign insurance company organized and

incorporated pursuant to the laws of the State of Maryland with its corporate

headquarters and principal place of business in Maryland.

5.      This removal is timely filed within thirty (30) days of the date

Robertson was placed on notice of this civil action.  *See* 28 U.S.C. § 1446(b)(2)(B)

("each defendant shall have thirty (30) days after receipt by or service of that

Defendant of the initial pleadings or summons…to file a Notice of Removal.")

6.      The United States District Court for the Northern District of Alabama,

Southern Division, is the Court and Division embracing and place wherein such

action is pending in State Court, Jefferson County, Alabama.

7.      A true and correct copy of all process, pleadings and orders served upon

GEICO is attached hereto as "Exhibit 4."

8.     On this date a Notice of Filing of Notice of Removal, accompanied by a copy of this Notice of Removal, will be filed in the Circuit Court of Jefferson County, Alabama – Bessemer Division in accordance with 28 U.S.C. § 1446(d).

9.     This Court has jurisdiction over this matter and is properly removed to this Court pursuant to 28 U.S.C. § 1332, 1441 and 1146.

## DIVERSITY JURISDICTION

10.     Federal diversity jurisdiction exists over this action pursuant to 28 U.S.C. § 1332 because the Defendant is diverse from the Plaintiff and the amount in controversy exceeds $75,000.00.

11.     In the Complaint, the Plaintiff identifies himself as a resident of Jefferson County, Alabama. (Exhibit 1).

12.     At the time the Plaintiff commenced this action, and at all times since, GEICO Casualty Company was and is a foreign insurance company organized and incorporated pursuant to the laws of the State of Maryland with its corporate headquarters and principal place of business in Maryland.

13.     Based upon the foregoing, we have an Alabama resident bringing suit against a foreign insurance company organized and incorporated under the laws of the State of Maryland with its corporate headquarters and principal place of business in Maryland and as such there is complete diversity of citizenship between the Plaintiff and Defendant. 28 U.S.C. § 1332(a)(1).

## AMOUNT IN CONTROVERSY

14.    In the Plaintiff's Complaint, he states the at fault driver, Daniel Henderson was insured with State Farm Mutual Automobile Liability Insurance Company and had liability limits of $100,000 (Exhibit 1, ¶¶ 6). State Farm tendered its liability limits of $100,000 to the Plaintiff and GEICO advanced those limits pursuant to applicable Alabama law. (Exhibit 1, ¶¶ 6).

15.    The Plaintiff has underinsured motorist coverage with GEICO in the amount of $300,000 with three (3) vehicles on his policy for total potential underinsured motorist coverage of $900,000. (Exhibit 1, ¶¶ 7, Exhibit A to Plaintiff's Complaint).

16.    In the Plaintiff's Complaint he states that as a result of his alleged injuries, he made a claim with GEICO for underinsured motorist benefits in the amount of $300,000. (Exhibit 1, ¶¶ 12). Additionally, the ad damnum clause in the Plaintiff's Complaint demands judgment against GEICO for underinsured motorist benefits in the amount of $300,000, exclusive of interests and costs. (Exhibit 1).

17.    In determining whether the Defendant seeking removal based on diversity jurisdiction has met his burden to establish the amount in controversy, the Court may consider a number of factors, including the Plaintiff's injuries, amounts awarded in similar cases, expenses incurred to date, and settlement demands to make

a judicial valuation of what a jury would award the Plaintiff assuming the Plaintiff prevails. *See Scaralto v. Ferrell*, 826 F. Supp. 2d 960 (S.D. W.Va. 2011).

18.    In the case, the amount in controversy is clear as the Plaintiff has demanded judgment against GEICO for underinsured motorist benefits in the amount of $300,000, exclusive of interest and costs. (Exhibit 1). The amount sought is in excess of the $100,000 already received by the Plaintiff as a result of State Farm tendering its liability limits of $100,000.

19.    "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

20.    GEICO contends that evidence before this Court clearly establishes that the amount at controversy exceeds the $75,000.00 jurisdictional threshold.

21.    Based upon the foregoing there is complete diversity of citizenship and the preponderance of the evidence establishes that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Therefore this Court has diversity and jurisdiction over this matter in accordance with 28 U.S.C. § 1332 and this action is properly removed pursuant to 28 U.S.C. § 1441.

## NOTICE

22.    Concurrently with the filing of this Notice of Removal, the removing Defendant shall cause to be filed a copy of this Notice of Removal with the Clerk of

Court of Jefferson County, Alabama – Bessemer Division and copies of this Notice

of Removal will be provided to the Plaintiff pursuant to 28 U.S.C. § 1446(d).

Respectfully submitted,

*/s/ David R. Wells*
DAVID R. WELLS (WEL016)
Attorney for the Defendant,
GEICO Casualty Company

OF COUNSEL:

WHITAKER, MUDD, LUKE & WELLS, L.L.C.
2011 4th Avenue North
Birmingham, AL 35203
(205) 639-5300
dwells@wmslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a complete copy of the foregoing instrument via the CM/ECF system on this **2nd** day of **November, 2017.**

*/s/ David R. Wells*
OF COUNSEL